IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BOISEY LEVERN NEAL #978-847,

   Plaintiff,

   v.

THE STATE OF MARYLAND,
WARDEN RICHARD DOVEY,
MCTC CASE MANAGEMENT STAFF,
CASE MANAGER MARCELL MCLEAN,
CASE MANAGER RYAN STEVENSON,

   Defendants.

Civil Action No.: PX-19-630

**MEMORANDUM OPINION**

Pending in this civil rights case are Plaintiff Boisey Neal's Motions for Judgment (ECF No. 26) and for Immediate Release (ECF No. 38) as well as Defendants Motion to Dismiss or alternatively for Summary Judgment. ECF No. 39. The Court has reviewed the pleadings and finds no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2018). For the reasons that follow, the Court grants Defendants' motion, construed as one for summary judgment, and denies Neal's motions.

**I.  Background**

This Petition concerns Neal's state sentences for three separate criminal offenses. In Case No. 02-K-07-001393 (the Anne Arundel County Case), Neal received a total of fifteen years' imprisonment on March 28, 2008. ECF No. 14-4 at 2. In Case No. 03-K-95-001261 (the Baltimore County Case), Neal received a two years' imprisonment on October 6, 2008, to run consecutively to the sentence in the Anne Arundel County Case. *Id*. And in Case No. 207255049-51 (the Baltimore City Case), Neal received three concurrent ten-year prison terms and one concurrent

five-year term on March 10, 2009. The Baltimore City Case commitment order originally stated that the sentence imposed was to run "consecutive with his present sentence." ECF No. 14-2 at 23. Neal challenged the manner in which the Baltimore City sentence has been computed by filing this case as well as a state habeas corpus petition.

On October 10, 2019, the Court stayed this case so that Neal could pursue his state habeas petition. ECF No. 20. On December 20, 2019, the Baltimore City Circuit Court denied the state petition but issued a new commitment record clarifying that the ten-year prison term is to run consecutively to the 15-year sentence in the Anne Arundel County Case but concurrently with the two-year prison term in the Baltimore County Case. ECF No. 27-1 at 3, 18. Mr. Neal has not appealed the denial of his state habeas petition. He has also withdrawn the state petition and a separate post-conviction petition. *Id*. at 18-19.

Prior to the Baltimore City Circuit Court issuing the revised judgment, the Maryland Division of Correction ("DOC") had computed the Baltimore City sentence as running consecutively to both the Anne Arundel County 15-year term and the Baltimore County two-year term, resulting in a total confinement term of 27 years. ECF No. 14-4 at 3. However, after the Baltimore City Circuit Court issued the revised judgment, the State reviewed the sentencing transcript and conceded that the Baltimore City sentence should run consecutively only as to the Anne Arundel County 15-year term, and not as to the Baltimore County two-year term. ECF No. 14-3 at 11. DOC revised Neal's sentence computation so that he is now serving a total confinement term of 25 years with a mandatory release date of February 27, 2026 (if he receives 2297 days of diminution of confinement credits). ECF No. 39-2 at 1-2. On March 16, 2020, this Court lifted the stay based on the parties' advisement that the state litigation had terminated.

In this case, Neal contends that because the sentence in the Baltimore City Case was "ambiguously imposed," the "rule of lenity" requires Defendants to compute the ten-year term as fully concurrent with the sentences in the Anne Arundel and Baltimore County Cases. ECF No. 1. As relief, Neal seeks damages "for each day that he has been held past his mandatory release date." ECF No. 1 at 4.

Neal has also since filed a "Motion for Judgment against Defendants" in which he maintains that the Baltimore City Circuit Court "started the 10 year sentence as October 2006." ECF No. 26-1 at 10. Neal concludes that he should be released from incarceration, in part because he has already served "day for day" in the Anne Arundel County Case. *Id.* at 1. Neal's recollection is wholly belied by the official commitment records. ECF No. 39-2 at 5-6.

Relatedly, Neal argues in his Motion for Immediate Release that the double jeopardy clause of the Fourteenth Amendment requires that he receive credit for the "punishment he has endured" prior to imposition of a new sentence, and if such credit were awarded, he is entitled to immediate release. ECF No. 38 at 2. Neal does not dispute that the prison term in the Baltimore City Case was imposed consecutively to the sentence in the Anne Arundel County Case. Rather, he persists that because the original commitment record was ambiguous, the Baltimore City ten-year prison term must be construed as a concurrent, rather than consecutive, sentence.

In short, Neal's Complaint and subsequent motions mount the same challenge: that the Baltimore City Circuit Court's initial judgment was "ambiguous," and "illegal," rendering the ten-year prison term fully concurrent with his other prison terms. For the following reasons, Neal's claims fail, and Defendants are entitled to summary judgment in their favor.

**II.     Standard of Review**

Defendants move to dismiss the claims under Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, for summary judgment. Such motions implicate the Court's discretion under Rule 12(d). *See Kensington Vol. Fire Dep't., Inc. v. Montgomery Cty.*, 788 F.Supp.2d 431, 436-37 (D. Md. 2011), aff'd, 684 F.3d 462 (4th Cir. 2012). Rule 12(d) provides that when "matters outside the pleadings are presented to and not excluded by the court, the [Rule 12(b)(6)] motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). The Court "has 'complete discretion to determine whether or not to accept the submission of any material beyond the pleadings that is offered in conjunction with a Rule 12(b)(6) motion and rely on it, thereby converting the motion, or to reject it or simply not consider it.'" *Wells-Bey v. Kopp*, No. ELH-12-2319, 2013 WL 1700927, at *5 (D. Md. Apr. 16, 2013) (quoting 5C Wright & Miller, Federal Practice & Procedure § 1366, at 159 (3d ed. 2004, 2012 Supp.)).

Neal was placed on notice that Defendants sought summary judgment from their initial pleadings and attached exhibits. *See Moret v. Harvey*, 381 F.Supp.2d 458, 464 (D. Md. 2005). Accordingly, the Court will treat this motion one as for summary judgment.

Pursuant to Federal Rule of Civil Procedure 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The court should "view the evidence in the light most favorable to . . . the nonmovant and draw all reasonable inferences in her favor without weighing the evidence or assessing the witnesses' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 645 (4th Cir. 2002). Importantly, "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson*

4

*v. Liberty Lobby*, Inc., 477 U.S. 242, 247-48 (1986) (emphasis in original).  The Court maintains an "affirmative obligation . . . to prevent factually unsupported claims and defenses from proceeding to trial."  *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 526 (4th Cir. 2003) (internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)).  "A party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of his pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'"  *Id.* (quoting Fed. R. Civ. P. 56(e)).  A dispute of material fact is only "genuine" if sufficient evidence favoring the nonmoving party exists for the trier of fact to return a verdict for that party.  *Anderson*, 477 U.S. at 249-50.

**III.   Discussion**

The Complaint avers that Neal's Baltimore City sentence was "illegal as well as ambiguous."  ECF No. 1.  The Court finds that the record evidence, viewed most favorably to Neal, reflect a sentence that is not neither ambiguous nor illegal.  ECF No. 39-2.  Accordingly, to the extent that Neal asserts a violation of his Eighth Amendment right to be free from cruel and unusual punishment arising from his over-incarceration "without penological justification."  *Campbell v. Peters*, 256 F.3d 695, 700 (7th Cir. 2001), the claim fails.  Any "ambiguity" in his Baltimore City judgment was resolved and he has clearly not been the victim of over-incarceration.

To the extent Neal asserts a due process claim for erroneous deprivation of his liberty, *see Kendall v. Balcerzak*, 650 F.3d 515, 528 (4th Cir. 2011), the claim fails for the same reasons.  *See Wolff v. McDonnell*, 418 U.S. 539, 557 (1974) (state created liberty interest in good conduct credits).  The record clearly reflects that any computation error has been corrected after Neal had been fully heard on the matter.

Neal's challenge, however, most closely sounds as one lodged against the validity of his current incarceration. As such, it is properly construed as a Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254. *In re Wright*, 826 F.3d 774, 779 (4th Cir. 2016)("[W]e conclude that, regardless of how they are styled, federal habeas petitions of prisoners who are in custody pursuant to the judgment of a State court should be treated as 'applications under section 2254' for purposes of § 2244(b), even if they challenge the execution of a state sentence.") (internal quotation marks and citations omitted). *See also Preiser v. Rodriguez*, 411 U.S. 475, 491 (1973).

A petitioner may bring a petition pursuant to § 2254 "on the grounds that he is in custody in violation of the Constitution or laws or treaties of the United States." However, before a federal court may hear the petition, the petitioner must first exhaust his state avenues of relief by seeking review of the claim in the highest state court with jurisdiction to consider it. *See Coleman v. Thompson*, 501 U.S. 722, 749-50 (1991) (failure to note timely appeal); *Murray v. Carrier*, 477 U.S. 478, 489-91 (1986) (failure to raise claim on direct appeal). Neal failed to appeal the Baltimore City Circuit Court's habeas determination. Thus, any challenge stemming from that determination cannot be adjudicated here.

Alternatively, even if Neal could proceed with a habeas challenge, it would fail on the merits because the Baltimore City Circuit court decision does not run contrary to federal law. Whether ten-year sentence in the Baltimore City Case should run concurrently or consecutively to the sentence in the Anne Arundel Case concerns solely the application of state law. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("it is not the province of a federal habeas corpus court to reexamine state court determinations on state law questions."). *See also Willeford v. Estelle*, 538 F.2d 1194, 1197 (5th Cir. 1976) (modification by state appellate court of erroneously imposed

6

sentence is matter of state law). Construed as a § 2254 Petition, Neal's claims simply cannot proceed.

Accordingly, and for the foregoing reasons, Defendants motion for summary judgment is granted.[5]  Neal's motions are denied

A separate order follows.

__July 30, 2020__              __/S/__
Date                                       Paula Xinis
                                                    United States District Judge

---

[5] The Court grants Defendants' Motion to Withdraw counsel at ECF No. 42.